**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| BRANDEE HALEY and JULIA VELASQUEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>-v-<br><br>FRC BALANCE LLC D/B/A TRUE FOOD KITCHEN,<br><br>*Defendant.* | Case No.:<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

COMES NOW Plaintiff Brandee Haley and Julia Velasquez ("Named Plaintiffs"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby sets forth this class action against Defendant FRC Balance LLC d/b/a True Food Kitchen, an Arizona limited liability company ("Defendant"), and allege as follows:

**NATURE OF ACTION AND PRELIMINARY STATEMENT**

1.      The action arises out of Defendant's systemic, company-wide policy of issuing Plaintiffs and other tipped employees IRS W-2 tax information forms reflecting wages and tips that were facially incorrect and did not accurately reflect the actual wages, tips, and other compensation Plaintiffs and other tipped employees received and retained, in violation of 26 U.S.C. § 7434; and for failing to pay Plaintiffs' all of their promised and earned wages, including all reported and adjusted tips, in violation of the Virginia Wage Payment Act ("VWPA"), Va. Code §§ 40.1-29 *et seq*. As of the date this Class Action Complaint is filed, Defendant has made no effort to compensate Plaintiffs for these violations, despite being made aware of the violations.

2.      Plaintiffs consist of current and former tipped employees including, but not limited to, bartenders, bussers, runners and servers, and other similar positions, who work or worked for Defendant at its Fairfax, Virginia restaurant any time from three years preceding the filing of this lawsuit to the date of final disposition of this lawsuit.

3.      Throughout the relevant period, Defendant, by and through their management personnel, began manually adjusting and increasing Plaintiffs' reported earned tips without compensating Plaintiffs for the increases. Upon information and belief, Defendant, through their management personnel, retained these increases and adjustments.

4.      Pursuant to the VWPA, Defendant's failure to compensate Plaintiffs for these manual adjustments and increases amount to a withholding of Plaintiffs' wages and were illegal unless each Plaintiff gave written and signed authorization approving the withholding. *See* Va. Code § 40.1-29(C). However, upon information and belief, no Plaintiff ever gave such an authorization nor knew about the adjustments made until they received their tax documents and inquired into the discrepancies.

5.      Additionally, Defendant, through its management and human resources personnel, were aware that Plaintiffs had not been compensated for these manual increases yet reported these earnings to the Internal Revenue Service (IRS), making all Plaintiffs liable for an increased tax liability, penalties, and other damages.

**PARTIES**

6.      At all times relevant hereto, Plaintiff Brandee Haley is a resident of Maryland, and Plaintiff Julia Velasquez is a resident of the Commonwealth of Virginia, and both were employed by Defendant in Virginia.

7.      Named Plaintiff Brandee Haley was employed by Defendant as a part-time

2

bartender at Defendant's Fairfax, Virginia location beginning in approximately June 2015, to February 2023.

8.      Named Plaintiff Julia Velasquez has been employed by Defendant as a full-time bartender at Defendant's Fairfax, Virginia location since approximately June 2021.

9.      Plaintiffs are informed, believe, and allege that Defendant, at all times hereinafter mentioned, is and was an employer as defined in and subject to Virginia Code § 40.1-29 *et seq.*, whose employees were and are engaged throughout the Commonwealth of Virginia.

10.     Defendant FRC Balance LLC ("FRC") is a limited liability company organized and existing under the laws of the State of Arizona. Upon information and belief, at all times relevant hereto, FRC was duly qualified to transact business as a foreign entity in the Commonwealth of Virginia. Upon information and belief, FRC maintains a registered agent at 4701 Cox Road, Suite 285, Glen Allen, Virginia and several restaurant locations throughout Virginia that regularly conduct business.

11.      Plaintiffs are informed, believe, and allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to Defendant.

12.     Plaintiffs are informed, believe, and allege, that the Defendant is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

### JURISDICTION AND VENUE

13.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon the claims brought under 26 U.S.C. § 7434.

14.     The Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 and 26 U.S.C. § 7434.

15.     This Court has jurisdiction over Defendant because, upon information and belief, it has sufficient minimum contacts in Virginia or otherwise intentionally avails itself of the Virginia market so as to render the exercise of jurisdiction over it by the Federal and Virginia courts consistent with traditional notions of fair play and substantial justice.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducts business in the Eastern District of Virginia, and the substantial part of the events or omissions giving rise to these claims occurred in this District.

17.     The claims for the violations of the VWPA are based upon the statutory law of the State of Virginia.

18.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the claims under 26 U.S.C. § 7434.

19.     All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

20.     The evidence establishing liability for all causes of action will be similar and no issue will predominate nor create confusion to a jury.

### STATEMENT OF FACTS
### Illegal Withholding of Wages

21.     Defendant employs various tipped employees at its restaurant located in Fairfax, Virginia.

22.     The Named Plaintiffs are or were both employed at Defendant's Fairfax location, located at: 2910 District Avenue, Suite 170, Fairfax, Virginia 22031.

23.     Named Plaintiffs are or were employed by Defendant as tipped employees and are or were paid on a biweekly basis.

24.     Prior to Defendant's illegal adjustment and withholding policy, Defendant's managers trained Plaintiffs to estimate the amount of tips they would receive during a given shift and declare the estimated amount at their shift end; then, during the following shift, they would receive the actual tip-out amount in an envelope in cash. If the tip-out amount was more than the estimated amount declared, Plaintiffs would then add the difference that was not claimed on the previous night to the amount of the current shift to off-set the balance.

25.     Since on or around October 2017, Defendant's management used a practice of having the Plaintiffs and other tipped employees report their tip adjustments via a Correction Form administered by the management team. To do so, tipped employees would press a prompt on the screen labeled "Declare Tips" and enter the amount. However, although the employee can declare their tips, they cannot view previous adjustments made to their tips or the prior input history. Therefore, they would not be made aware of any adjustments performed by management.

26.     Where Defendant deviated in the adjustment policy was, unbeknownst to Plaintiffs, at some point in or around March 2021, Defendant's management began going back and adjusting the estimated tip amounts inputted by Plaintiffs to reflect the actual tips received. Therefore, while Plaintiffs proceeded to adjust their tips *as was policy before*, they would actually be writing inflated amounts and claiming more than was actually received.

27.     For example, a bartender estimated that she would earn $200 on a given shift. If the bartender earned $280 in tips from the previous night, she would receive the amount in cash and write an adjustment of $80 onto the following shift. However, management, under their new unspoken policy, would have already adjusted the amount to $280. Therefore, in the bartender's total tips earned, it would be reflected that she earned $360 in tips, rather than $280.

28.    To Plaintiffs' knowledge and information, this new policy was instituted by FRC Fairfax's general manager at the time, Marie-Laure Chaigne. Other participants of this policy were Todd Soderquist (Assistant Manager/Bar Manager), Jamal Donovan (Assistant Manager), and Michelle Messerschmidt (Assistant Manager). Upon information and belief, Plaintiffs' general manager prior to Ms. Chaigne, Leah Ranieri, also has relevant knowledge of the circumstances of this policy.

29.    Upon receiving their 2021 Form W-2s, Plaintiffs Haley and Velasquez noticed the earned wages reported were dramatically more than what they were compensated by Defendant, and Plaintiff Haley began questioning management and other bartenders to see if they were also affected.

30.    Plaintiff Haley soon found out about the unauthorized adjustments that management had been making and that only one employee, Isabelle Coshum, had been aware that the managers were adjusting their tips. In or around July or August of 2022, Ms. Coshum and the assistant manager, Ms. Messerschmidt, informed Plaintiff Haley of the policy. Ms. Haley later confronted Ms. Messerschmidt about this and Ms. Messerschmidt admitted that she felt uncomfortable with the practice, especially since she had previously worked as a bartender and was aware of the proper procedures.

31.    Plaintiff Haley also spoke to one of the hourly employees whom management trained to act as a manager on an as-needed basis, known as a "Key Employee," Tyler Wilfong. Mr. Wilfong was told by Ms. Chaigne to adjust tips if he opened the restaurant and trained managers-in-training (MITs) from other restaurant locations to do so.

32.    Mr. Soderquist also expressed his discomfort to Plaintiff Haley with this practice, stating that many MITs would question the legality of the practice.

33.     At one point, Mr. Soderquist relayed the same types of comments from MITs asking him, "Is this legal?" when referring to Defendant's adjustment policy, to which Mr. Soderquist would answer, "I think so." Despite his uncertainty, to Plaintiff Haley's knowledge and recollection, Mr. Soderquist never voiced these concerns with upper management or human resources.

34.     In or around April 2022, Plaintiff Haley notified Defendant through its "NAVEX EthicsPoint" portal, the risk management software Defendant uses, of her complaint.

35.     After noticing the withheld earnings as indicated on their tax documents, Named Plaintiffs began raising their concerns to various managers, as their location was a large training hub and they became concerned that this practice was being spread across all of FRC's locations.

36.     After filing her complaint, Plaintiff Haley received a call from Ashleen O'Keeney, an HR specialist for FRC assigned to Ms. Haley's request. Ms. O'Keeney acknowledged the tip adjustments and withholdings without Ms. Haley's signed authorization and stated that "we [FRC] take ownership." Ms. O'Keeney stated that the adjustments were not the correct process and that it is not FRC's practice to make tip adjustments without informing or having a conversation with the tipped employee first. Ms. O'Keeney concluded the call by stating that moving forward, the policy was corrected and that she apologized for the inconvenience and frustration. However, Ms. O'Keeney did *not* mention any way in which FRC would compensate all employees affected.

37.     Shortly after this conversation, Named Plaintiffs' FRC location began using tip adjustment forms and management began having employees sign tip adjustments as small as $5.00. In addition to the tip adjustment forms, tipped employees are also required to sign a "Daily Tip Distribution" sheet.

38.     Despite being made aware of the fraudulent IRS W-2 tax information forms, Defendant continued to issue fraudulent forms for tax year 2022, which reflected the incorrect amount of wages received for Plaintiffs prior to Defendant's change in policy in 2022.

## RULE 23 CLASS ACTION ALLEGATIONS

39.     Named Plaintiffs bring all Causes of Action of the instant Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendant's violations of 26 U.S.C. § 7434 and the VWPA, Va. Code §§ 40.1-29 *et seq.*

40.     Plaintiffs bring their claims under 26 U.S.C. § 7434 and the VWPA as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendants' violations of 26 U.S.C. § 7434 and the VWPA.

41.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of the Named Plaintiffs and the putative Class Plaintiffs.

42.     Plaintiffs reserve the right to establish Subclasses, or modify any Class or Subclass definition, as appropriate.

43.     Members of the Class and/or any Subclasses will be collectively referred to as "class members."  Plaintiffs reserve the right to re-define the Class and add additional Subclasses as appropriate based on investigation, discovery and specific theories of liability.

44.     Common Questions Predominate: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all putative class members have been harmed by Defendant's unlawful filing

of IRS W-2 tax information returns and failure to lawfully compensate them. The common questions of law and fact include, but are not limited to, the following:

(a)     Whether Defendant filed W-2 tax information returns reflecting wages, tips, and other compensation that was facially incorrect and did not accurately reflect the actual wages, tips, and other compensation putative Class Members received and retained;

(b)     Whether Defendant's failure to compensate putative Class Members for all reported and adjusted tips is in violation of the VWPA;

(c)     Whether Defendant failed to compensate putative Class Members for all of their earned, accrued, and/or promised wages, including, but not limited to, reported and adjusted tips, in violation of the VWPA;

(e)     Whether Defendant failed to provide accurate itemized wage statements to putative Class Members; and

(g)     Whether Defendant's conduct was willful or was done knowingly.

45.     There is a well-defined community of interest in this litigation and the proposed Class is readily ascertainable:

(a)     Numerosity:  The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of class members is unknown to Named Plaintiffs at this time, upon information and belief, the class comprises at least 50 individuals.  The identities of the Class Members are readily ascertainable by inspection of Defendant's employment and payroll records.

(b)     Typicality: The claims of the Named Plaintiffs are typical of the claims which could be alleged by any member of the putative Class, and the relief sought is typical of the

relief which would be sought by each member of the Class in separate actions. All putative Class Members were subject to the same compensation practices of Defendants, as alleged herein, of failing to pay for all reported and/or adjusted tips and unlawful filing of IRS W-2 tax information returns. Defendant's compensation policies and practices affected all putative Class Members similarly, and Defendant benefited from the same type of unfair and/or unlawful acts as to each putative Class Member. Named Plaintiffs and members of the proposed Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

(c)    Adequacy of Representation: Named Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation and penalties due them and the Class. Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

46.    <u>Public Policy Considerations</u>: Employers in the Commonwealth of Virginia violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

47.    Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed class.

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of 26 U.S.C. § 7434**
**Unlawful Filing of Fraudulent IRS W-2 Tax Information Returns**
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

48.    Plaintiffs hereby allege and incorporate by reference all paragraphs above as though fully set forth herein.

49.    For the tax/calendar years 2021 and 2022, Defendant issued Plaintiffs and other tipped employees IRS W-2 tax information returns reflecting wages and tips that were facially incorrect and did not accurately reflect the actual wages, tips, and other compensation Plaintiffs and other tipped employees received and retained.

50.    26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

51.    Here, Defendant violated the rights of Plaintiffs and all other tipped employees under 26 U.S.C. § 7434 because (i) Defendant issued Plaintiffs and the tipped employees an IRS Form W-2 for the years 2021 and 2022; (ii) the information relating to wages and tips on each return was facially false and did not accurately reflect wages actually received and retained by Plaintiffs and the other tipped employees; and (iii) Defendant had actual knowledge the wages and tips information identified and recorded on each IRS Form W-2 issued to Plaintiffs and the other tipped employees for the calendar years 2021 and 2022 were false and did not accurately reflect the actual wages and tips received and retained by Plaintiffs and the other tipped employees.

52.    Defendant now owes damages to Plaintiffs and all other tipped employees under 26 U.S.C. § 7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued, or actual damages sustained, whichever is greater, plus attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**Violation of the Virginia Wage Payment Act**
**For Failure to Pay Promised Wages and Illegal Withholding of Wages**
**Virginia Code § 40.1-29 *et seq*.**
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

53.    Plaintiffs hereby allege and incorporate by reference all paragraphs above as though fully set forth herein.

54.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs within the meaning of the VWPA.

55.     Defendant employs Named Plaintiffs, and similarly situated employees, within the Commonwealth of Virginia.

56.     During the relevant time period, Defendant failed to pay Plaintiffs and class members all of their reported tips, as were adjusted and reported by Defendant and its agents.

57.     In violation of the VWPA, Defendant has knowingly and willfully refused to perform its obligations and compensate Plaintiffs and class members for all promised and earned wages, including unpaid tips, as alleged above.

58.     Defendant's failure to pay Plaintiffs and class members the unpaid balance of tips, as required by Virginia law, violates the provisions of the VWPA, and is therefore unlawful.

59.     Pursuant to the VWPA, Plaintiffs and class members are entitled to recover their unpaid tips as well as an additional equal amount as liquidated damages, interest, costs, and attorneys' fees. Additionally, because Defendant knowingly failed to pay wages to Plaintiffs in accordance with the VWPA, Plaintiffs are entitled to an amount equal to triple the amount of wages due.

### THIRD CAUSE OF ACTION
**Violation of the Virginia Wage Payment Act**
**For Failure to Provide Accurate Itemized Wage Statements**
**Virginia Code § 40.1-29 *et seq.***
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

60.     Plaintiffs hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

61.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs within the meaning of the VWPA.

62.    Defendant employs Named Plaintiffs, and similarly situated employees, within the Commonwealth of Virginia.

63.    Virginia Code § 40.1-29(C) requires Defendant to provide each employee with an accurate wage statement, in writing, by a paystub or online accounting, that shows the name and address of the employer; the number of hours worked during the pay period if the employee is paid on the basis of (i) the number of hours worked or (ii) a salary that is less than the standard salary level adopted by regulation of the U.S. Department of Labor pursuant to § 13(a)(1) of the federal Fair Labor Standards Act, 29 U.S.C. § 213(a)(1), as amended, establishing an exemption from the Act's overtime premium pay requirements; the rate of pay; the gross wages earned by the employee during the pay period; and the amount and purpose of any deductions therefrom. The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated.

64.    During the relevant time period, Defendant has knowingly and intentionally failed to comply with Virginia Code § 40.1-29(C) on wage statements that were provided to Plaintiffs and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, including tips.

65.    As a result of Defendant's knowing and intentional failure to comply with Va. Code § 40.1-29(C), Plaintiffs and class members have suffered injury and damage to their statutorily-protected rights.  Specifically, Plaintiffs and class members are deemed to suffer an injury pursuant to Virginia Code §§ 40.1-29(E) and 40.1-29(K) where, as here, Defendant intentionally violated Va. Code 40.1-29(C).  Plaintiffs and class members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Va. Code 40.1-29(C). In addition, because Defendant failed to provide the accurate reported and adjusted tips on

wage statements, Defendant has prevented Plaintiffs and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiffs have had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendant provided the accurate wages earned, including tips. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendant.

66. Pursuant to Virginia Code 40.1-29(J), in addition to any civil or criminal penalty provided by this section, and without regard to any exhaustion of alternative administrative remedies provided for in this section, if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection G, and reasonable attorney fees and costs. If the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendant as follows:

1. For certification of this action as a class action under 26 U.S.C. § 7434 and the VWPA, and designate Named Plaintiffs Brandee Haley and Julia Velasquez as the representatives on behalf of all those similarly situated under the class;

2.      For appointment of Named Plaintiffs Brandee Haley and Julia Velasquez as the class representatives;

3.      For appointment of Robert W.T. Tucci, of Zipin, Amster, & Greenberg LLC, as lead class counsel for all purposes;

4.      Award Plaintiffs and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Plaintiffs and those similarly situated Class Plaintiffs and an award of liquidated damages as provided by the VWPA, including an award of treble damages if the Court deems so appropriate;

5.      Award Plaintiffs and all those similarly situated Class Plaintiffs damages pursuant to 26 U.S.C. § 7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued, or actual damages sustained, whichever is greater;

6.      Award Plaintiffs and all those similarly situated pre- and post-judgment interest at the statutory rate;

7.      Award Plaintiffs and all those similarly situated attorneys' fees, costs pursuant to 26 U.S.C. § 7434(b) and the VWPA, Va. Code §§ 40.1-29 *et seq.*; and

8.      Award Named Plaintiffs and all those similarly situated further legal and/or equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.


Respectfully submitted,



Robert W.T. Tucci
Virginia State Bar No. 97446
Zipin, Amster, & Greenberg LLC
8757 Georgia Ave., Suite 400
Silver Spring, Maryland 20910
Telephone:    (301) 587-9373
Facsimile:    (240) 839-9142
E-Mail:    rtucci@zagfirm.com

*Counsel for Named Plaintiffs Brandee Haley
and Julia Velasquez, individually and on
behalf of all others similarly situated*