**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

<table>
<tr><td>

BRANDEE HALEY, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

FRC BALANCE LLC D/B/A TRUE FOOD KITCHEN,

*Defendant*.

</td><td>

Case No. 1:23-cv-00666-TSE-IDD

</td></tr>
</table>

**DEFENDANT'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO BIFURCATE DISCOVERY**

Comes now Defendant FRC Balance, LLC d/b/a True Food Kitchen ("True Food" or "Defendant") and hereby moves this Court to bifurcate discovery, and submits the following in support of its Motion.

**INTRODUCTION**

True Food brings this Motion to bifurcate individual discovery from class discovery so that the intensive, expensive and time-consuming class discovery does not occur until this Court makes a ruling regarding certification of the putative class. Plaintiff previously agreed to a bifurcated discovery schedule in the parties' initial Joint Discovery Plan (ECF No. 22). Cognizant of the tight schedule for matters in the Eastern District of Virginia, True Food by no means seeks a stay of all discovery. In fact, True Food has responded to all requested discovery as it pertains to the named Plaintiff, Brandee Haley ("Ms. Haley" or "Plaintiff"), and plans to further supplement its responses by November 17, 2023. However, a bifurcation of discovery is appropriate in this instance. True

1

Food should not be compelled to participate in broad sweeping class discovery prior to class certification.

## BACKGROUND

On May 22, 2023, Plaintiff filed a class action Complaint which included claims pursuant to 26 U.S.C. § 7434 and the Virginia Wage Payment Act, Va. Code §§ 40.1-29 *et seq*. (ECF No. 1). On July 21, 2023, True Food moved to compel arbitration. (ECF No. 10). On August 11, 2023, Plaintiff filed her First Amended Complaint which includes identical class claims against True Food.

Thereafter, the Court entered a Scheduling Order, which set certain case scheduling deadlines, including those related to discovery. (ECF No. 21). On September 5, 2023, the parties participated in a Rule 26(f) conference, and on September 20, 2023, Plaintiff filed the parties' agreed upon Joint Discovery Plan, attached hereto as **Exhibit A**. (ECF No. 22). Importantly, the parties had previously agreed to bifurcate discovery:

> The parties propose that discovery in this matter be bifurcated; specifically, with Phase 1 discovery relating to the Named Plaintiff's claims and claims for certification of the VWPA collective and Rule 23 certification; and Phase 2 discovery relating to merits and damages of any certified collective and/or class. The Parties propose discovery for Phase 1 be completed no later than February 16, 2024.

The Joint Discovery Plan further specified the type of discovery relevant to each phase, a schedule for class certification and decertification briefing, and a dispositive motions calendar. *Id*.

The parties were directed to revise the Joint Discovery Plan because the Plan contemplated an enlargement of time to complete discovery. The Magistrate Judge indicated that any such requests would need to be made formally through a motion. In order to timely comply with the Court's directive, the parties agreed to simply revise the Joint Discovery Plan to be in conformance with this Court's local rules. On August 25, 2023, Plaintiff propounded written discovery upon

True Food requesting a wealth of information relevant to Ms. Haley's employment in addition to information relating to the employment of the putative opt-in plaintiffs and class members in this action. True Food has responded, providing requested information pertinent to Ms. Haley's employment. True Food has objected to class-wide discovery as unnecessary and unwarranted at this stage. Plaintiff contends that she is entitled to extensive discovery relating to all potential class members, despite the fact that a class has not been certified.

This Court should bifurcate discovery so that the parties can resolve the initial, potentially dispositive issues that go directly to the heart of this case before engaging in extensive, time-consuming and costly discovery efforts.

## **ARGUMENT**

In accordance with the Federal Rules, a court may, "for good cause," limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As such, the Court has broad discretion to dictate the sequence of discovery and to determine whether bifurcation is appropriate. *See* Fed. R. Civ. P. 26(d). Therefore, "[t]he court has the implicit authority to limit discovery as to any segregated issues so as to minimize and defer 'costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues.'" *Shire LLC v. Mickle*, Civil Action No. 7:10–CV–00434, U.S. Dist. LEXIS 76811, at *2 (W.D.Va. July 15, 2011) (quoting *Ellingson Timber Co. v. Great N. Ry. Co.,* 424 F.2d 497, 499 (4th Cir. 1970)).

In *Mathews v. United States Today Sports Media Grp., LLC*, Civil Action No. 1:22-CV-1407, 2023 U.S. Dist. LEXIS 95475 (E.D. Va. Apr. 14, 2023), this Court was tasked with determining whether, for purposes of a putative collective action, discovery should be addressed across multiple phases. In making this decision, the Court partially relied on the standard in *Swales*

3

*v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021), reasoning that "[c]ourts must determine, at the outset, whether a proposed collective is 'similarly situated' to the named plaintiffs" and "to make this determination, courts may require limited discovery, targeted only at the factual and legal considerations needed to make the 'similarly situated' determination." *Mathews*, No. 1:22-CV-1407, 2023 U.S. Dist. LEXIS 95475, at *9 (citing *Swales*, 985 F.3d at 438).

Although Plaintiff in this case has alleged class claims, in addition to collective action claims, the reasoning underlying the *Mathews* decision also applies in the context of Rule 23 discovery. Moreover, this Court has the authority and guidance from the Federal Rules to avoid the prejudicial burden to True Food by tailoring discovery first to examine Plaintiff's individual claims. Fed. R. Civ. P. 1 (stating the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"); Fed. R. Civ. P. 26(b) (stating the scope of discovery considers "whether the burden or expense of the proposed discovery outweighs its likely benefit"). Plaintiff previously agreed to conduct bifurcated discovery at the very outset of this matter, recognizing that such a schedule would result in more efficient discovery. However, Plaintiff objects to the application of the *Swales* standard that this Court adopted in *Mathews*. Defendant urges this Court to apply the same discovery standards and schedule that were applied in *Mathews*, which allowed for discovery into certification of class/collective claims prior to requiring class-wide discovery. Defendant contends that neither class nor collective certification is appropriate in this case because the proposed class members were not similarly situated and cannot show the requisite commonality or typicality required by Rule 23. Thus, the bifurcated discovery plan is the most efficient method for discovery

in this case because if a class and/or collective is not certified, there will be no need to conduct

discovery into individual class members.

Plaintiff's individual claims have potential to verify or otherwise dispose of Plaintiff's

putative class claims, and as such, this Court should grant True Food's Motion and bifurcate

discovery between Plaintiff's individual claims and Plaintiff's purported class claims.

## CONCLUSION

For the reasons stated herein, True Food respectfully requests that this Court grant its

Motion and enter an Order modifying the current discovery plan and requiring bifurcation of

discovery for the individual and class claims, together with any and all such further relief as the

Court may deem appropriate.


Dated: November 15, 2023          FRC BALANCE, LLC d/b/a TRUE FOOD KITCHEN

                                  By:    /s/  *Ashlee N. Williams*
                                  Ashlee N. Williams
                                  Virginia State Bar No. 95063
                                  Ashlee.williams@ogletreedeakins.com
                                  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                                  901 East Byrd Street, Suite 1300
                                  Riverfront Plaza, West Tower
                                  Richmond, VA  23219
                                  Telephone: (804) 663-2341
                                  Fax: (804) 225-8641

                                  Douglas (Trey) Lynn
                                  (Admitted *Pro Hac Vice*)
                                  trey.lynn@ogletreedeakins.com
                                  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                                  2415 E. Camelback Rd., Suite 800
                                  Phoenix, AZ  85016
                                  Telephone: (602) 778-3708
                                  *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2023, I electronically filed the foregoing

with the clerk of the court using the CM/ECF system, which will send notification of same to

counsel for Plaintiffs:

Robert W.T. Tucci
Zipin, Amster & Greenberg LLC
8757 Georgia Ave., Suite 400
Silver Spring, Maryland 20910
rtucci@zagfirm.com

*Counsel for Plaintiff*

/s/  *Ashlee N. Williams*
*Counsel for Defendant*

6