IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BRANDEE HALEY, *individually and on*
*behalf of all those similarly situated*,
      Plaintiff,

      v.                                       Civil No. 1:23cv666 (DJN)

FRC BALANCE LLC,
*d/b/a* TRUE FOOD KITCHEN,
      Defendant.

## <u>MEMORANDUM ORDER</u>
### (Granting in Part and Denying in Part Plaintiff's Motion for Attorneys' Fees)

      This matter comes before the Court on the Plaintiff's Motion for Attorneys' Fees. (ECF No. 62 ("Motion").) After entering into a Stipulated Judgment with Defendant (ECF No. 59), Plaintiff now moves for an award of attorneys' fees in the amount of $126,387.98 and reimbursement of litigation costs of $6,831.04.[1] For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion. (ECF No. 62.)

## I. BACKGROUND

      Plaintiff brought the instant action under the Virginia Wage Payment Act ("VWPA"), Va. Code. § 40.1-29(J), and 26 U.S.C. § 7434 ("Section 7434"). In the Complaint, Plaintiff alleged that Defendant increased Plaintiff's reported earned tips on her 2021 and 2022 W-2 forms without compensating Plaintiff for the increases or receiving Plaintiff's authorization. (ECF No. 17 at 4–7.) Plaintiff and Defendant ultimately settled the allegations through a Stipulated Judgment providing that "[a]lthough Defendant denies any fault, wrongdoing, and the allegations

---

[1]      This figure reflects the updated total provided in Plaintiff's reply brief (ECF No. 65), accounting for the time spent litigating the instant Motion.

asserted by Plaintiff in the Complaint, any Motion for Award of Attorneys' Fees and Costs filed

by Plaintiff may be adjudicated as if Plaintiff had received a judgment for liability and damages

at trial in the amount of . . . $17,451.01[,] in addition to an entitlement for the corrected W-2c tax

forms[.]"  (ECF No. 59 at 2.)

## II.   STANDARD OF REVIEW

Neither party disputes that, following the Stipulated Judgment, the Court has the

discretion to award reasonable attorneys' fees under Section 7434.[2]  Section 7434 provides that,

"upon a finding of liability on the part of the defendant, the defendant shall be liable" for "the

costs of the action, and . . . in the court's discretion, reasonable attorneys' fees."  26 U.S. Code

§ 7434(b)(3).  However, parties contest the amount of fees that the Court ought to award.

Plaintiff contends that the Court should award Plaintiff's counsel $126,387.98.  Meanwhile,

Defendant contends that the Court should exercise its discretion to award no fees and that, in the

alternative, should substantially reduce any award to $39,345.00 on the grounds that Plaintiff's

counsel unnecessarily prolonged the litigation, seeks an excessive hourly rate and otherwise

inflated the fees incurred.  (*See* Deft.'s Opp. (ECF No. 64) at 20.)

In awarding reasonable attorneys' fees, the Court uses a three-step process.  First, it "must

determine the lodestar figure by multiplying the number of reasonable hours expended times a

reasonable rate."  *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (cleaned up).  In

---

[2]      As the Court hereby exercises its discretion to award attorneys' fees under Section 7434,
it need not reach the question of whether, under the VWPA, there has been a finding that
Defendant "knowingly failed to pay wages to an employee in accordance with [the VWPA]"
such that the Court must award fees. *See* Va. Code § 40.1-29(J) (providing that, "if the court
finds that the employer knowingly failed to pay wages to an employee in accordance with this
section, the court shall award . . . reasonable attorney fees and costs.").

determining what constitutes a reasonable billing rate and number of hours, the Fourth Circuit directs courts to consider twelve factors, commonly known as the *Barber* factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).  Second, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88 (cleaned up).  Finally, "the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

## III.   ANALYSIS

In assessing an appropriate lodestar, the Court finds the hourly rate sought by Plaintiff – $535 for her attorney, who has five years of experience, and $250 for her paralegal – reasonable. Plaintiff submitted affidavits from local lawyers familiar with her counsel and the prevailing rates in the area, which affirm the reasonableness of the requested hourly fees.  (ECF Nos. 63-2, 63-3.)  Serving as a helpful guidepost for the Court, Plaintiff's counsels' rates fall within the frequently cited *Vienna Metro* matrix. *Vienna Metro LLC v. Pulte Home Corp.*, 2011 WL 13369780, at *6 (E.D. Va. Aug. 24, 2011).[3]  In sum, the Court finds the requested rates consistent

---

[3]   The Court finds that the complexity involved in this matter stands sufficient to support reference to the *Vienna Metro* matrix. *See Douglas v. Sentel Corp.*, 2020 WL 4747783, at *6 (E.D. Va. Mar. 11, 2020) (referencing *Vienna Metro* matrix in assessing fees in Title VII employment action); *Cho v. Joong Ang Daily News Washington, Inc.*, 2020 WL 1056294, at *4 (E.D. Va. Mar. 4, 2020) (referencing *Vienna Metro* matrix in single plaintiff FLSA action).

with what other attorneys and support staff of comparable skill, reputation and experience charge clients for similar litigation in the Northern Virginia practice area. The Court does not consider the single affidavit Defendant submits, which comes from an attorney based in a different geographical area, persuasive evidence to the contrary.

Further, the Court's consideration of the *Barber* factors confirms the reasonableness of the Plaintiff's counsel's hourly fees. Specifically, the Court finds that the case raised difficult legal and factual questions and required that counsel possess the skill and ability to investigate and litigate hybrid wage-and-hour cases. The hourly fee reflects the undesirability of the case and counsel's reasonable expectations. Counsel undertook this case on a contingency basis, which required that he assume a greater risk of non-payment and the burden of advancing litigation expenses. He would thus be within his right to expect a greater up-side should he prevail that if his payment proved certain. *See Va. Acad. of Clinical Psychologists v. Blue Shield of Va.*, 543 F. Supp. 126, 148 (E.D. Va. 1982) ("Courts have generally recognized that a contingent fee lawyer may have the right to expect a fee greater than if his fee were guaranteed."). Moreover, given the more than 276 hours Plaintiff's counsel spent on the case, it appears likely that his work on this matter precluded, at least in part, his work on other cases – further weighing in favor of a higher fee award.

As for the hours that Plaintiff's counsel spent on the case, the Court considers his submission largely reasonable, but finds some reductions appropriate. The Court identifies certain instances in which Plaintiff's counsel grouped together tasks in its time entries, such that the Court cannot tell how much time counsel spent on any particular task and thus cannot assess

---

Further, given that the *Vienna Metro* decision is nearly 14 years old, it more likely understates, rather than overstates, an appropriate hourly fee.

whether such expenditure of time proved reasonable. Accordingly, the Court finds it appropriate to exercise its discretion to reduce the total fee award by 10% to account for counsel's use of block billing and occasionally vague entries. *See, e.g., SS Richmond LLC v. Harrison,* 2023 WL 7646505, at *8 (E.D. Va. Nov. 14, 2023) (reducing total fee award by ten percent to account for block billing).

The Court does not accept Defendant's argument that it ought to disregard any hours incurred after August 8, 2023, because Plaintiff supposedly unnecessarily prolonged the litigation beyond that date. Specifically, Defendant contends that its August 8, 2023 settlement offer of $30,000 exceeds the amount Plaintiff ultimately received and, therefore, the Court should disregard any attorneys' fees incurred after that date. (Deft.'s Opp. at 15.) As Plaintiff rightly notes, Defendant's characterization of this settlement offer only serves to mislead. (Pltf.'s Reply (ECF No. 65) at 7.) The August 8, 2023 offer of $30,000 included attorneys' fees and costs, contained no provision for corrected Form W-2s and sought to settle the claims of two employees – not just Plaintiff's. As such, the Court does not consider Defendant's August 8, 2023 settlement offer commensurate with the ultimate settlement achieved by Plaintiff.

The Court also rejects Defendant's invitation to analyze the parties' email exchanges and conclude that the parties, despite their express written agreement to the contrary, meant to settle the case based only on a subset of Plaintiff's claims. *See, e.g., Bala v. Va. Dep't of Conservation & Rec.,* 614 Fed. Appx. 636, 639 (4th Cir. 2015) ("Where the parties' intent is clear from the unambiguous terms of the contract, construed as a whole, we need not and cannot resort to extrinsic evidence of intent."). The Stipulated Judgment indicates the parties desire to compromise "all claims that were asserted in the Complaint" and does not limit Defendant's liability for the purposes of attorney's fees to any subset of Plaintiff's claims. (ECF No. 59 at 2.)

The Court therefore rejects Defendant's arguments that it ought not to consider Plaintiff's VWPA claims successful for the purposes of assessing attorneys' fees.

The Court does, however, find it appropriate to reduce the lodestar amount because of the work that Plaintiff's counsel conducted on the Rule 23 class and collective action allegations and counsel's ultimate failure to resolve any claims apart from Ms. Haley's. Such reductions inextricably interweave the Court's consideration of the *Barber* factors – particularly the results obtained – and the second and third inquiries set forth by the Fourth Circuit in *McAfee*, 738 F.3d at 88 – namely, the subtraction of hours incurred on unsuccessful claims and consideration of the overall success of the litigation.

Plaintiff's counsel ultimately resolved only Plaintiff's claims and did not achieve benefits for any larger class. While, under some circumstances, that would stand sufficient to constitute a full victory, the record makes clear that Plaintiff's counsel sought to bring a collective action suit, or at least a suit involving multiple workers, but ultimately succeeded in resolving only one individual's claims. It appears to the Court that Plaintiff's counsel expended hours that would have been more appropriate for a larger lawsuit, but ultimately winnowed the matter down. Indeed, Plaintiff's fee submission includes entries for "weekly class/collective action meeting[s]," [4] as well as communications and research related to class actions. Moreover, the Court finds it likely that class considerations likely increased Plaintiff's counsel's time expenditure on other areas of research and investigation and acknowledges the role that such considerations played in the litigation surrounding Defendant's motion to bi-furcate discovery.

---

[4] The Court acknowledges that Plaintiff has already reduced time for such meetings by 50% to account for the fact that they occurred during the period in which Plaintiff's counsel represented two clients, one of whom was subsequently dismissed. (ECF No. 63-1 at 12.) However, the Court finds further reduction necessary.

As such, and after reviewing the record, the Court has determined that a percentage reduction in the fee award would likely be more accurate than would be any effort to determine which individual billing entries to allow or disallow.

Ultimately, Plaintiff's counsel obtained damages of $17,451.02 — an amount just under the total amount of unauthorized tip adjustments Defendant made to her wages — as well as corrected W-2c forms for tax years 2021 and 2022. However, Plaintiff's counsel seeks attorneys' fees that are roughly seven times those damages. The Court finds that the fees Plaintiff's counsel seeks exceed what is appropriate given counsel's achievements. *See McAfee*, 738 F.3d at 94 ("Although a substantial disproportionality between a fee award and a verdict, standing alone, may not justify a reduction in attorney's fees, a lack of litigation success will."). While vindicating Ms. Haley's rights constitutes important work, the Court finds Plaintiff counsel's ultimate litigation success at least partially abridged and, further, does not find it appropriate for counsel to bill for time spent on the Rule 23 class and/or collective action allegations. Accordingly, the Court exercises its discretion to reduce the fee award by an additional 30%.

Finally, Plaintiff submits that her counsel has incurred $6,831.04 of litigation costs in prosecuting this action. Much of these costs come from counsel's depositions of three different managers employed by Defendant. Defendant contends that the three had identical knowledge of the claims at issue and gave substantially similar testimony and that the Court, therefore, ought to reduce the costs awarded to $3,000. On this point, the Court agrees with Defendant and reduces its award of costs to $3,000 to account for unnecessary expenditures involved in the duplicative depositions. The Court otherwise finds the expenses reasonable and well supported and therefore will include them in the award.

## IV.    CONCLUSION

Accordingly, the Court ORDERS Defendant to pay Plaintiff attorneys' fees in the amount

of $75,832.79 and reimburse litigation costs of $3,000.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____

David J. Novak

United States District Judge

Alexandria, Virginia

Date:  January 27, 2025

8